UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

GERARD LEONARD,

                              **Plaintiff,**

           -against-

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

                            **Defendant.**

**OPINION & ORDER**

**20-cv-2832 (NG)**

------------------------------------------------------------ x
**GERSHON, United States District Judge:**

       This is a Social Security benefits action. Plaintiff Gerard Leonard successfully sought reversal of a decision denying his claim for disability insurance benefits under Title II of the Social Security Act. Christopher James Bowes, counsel for the plaintiff, now moves this court for attorney's fees under 42 U.S.C. § 406(b), seeking approval for a fee amount of $68,639.25. He further requests that, because plaintiff is entitled to a credit of the $12,625 in Equal Access to Justice Act ("EAJA") fees previously received, the court order a net payment of $56,014.25. The fee requested amounts to a de facto hourly rate of $1,030.62 for 66.6 hours expended litigating this matter, which is inclusive of time spent litigating two independent actions, one commenced in 2015 and one commenced in 2020. Defendant Commissioner of Social Security[1] ("the Commissioner") does not oppose the Motion but asks the court to determine whether the Motion was timely filed and the amount requested reasonable.

---

[1] The plaintiff commenced this action against Andrew Saul, as Commissioner of Social Security. On July 9, 2021, Dr. Kilolo Kijakazi became the Acting Commissioner of Social Security. Because Andrew Saul was sued in this action only in his official capacity, Kilolo Kijakazi is automatically substituted for Andrew Saul as the named defendant. *See* Fed. R. Civ. P. 25(d). The Clerk of Court shall amend the caption in this case as indicated above.

For the reasons discussed below, the Motion is GRANTED, except that the Commissioner is directed to pay the full fee amount, and Mr. Bowes is directed to refund the amount of the EAJA award to plaintiff.

**I.      Background**

On March 22, 2013, plaintiff applied for disability insurance benefits as a result of physical injuries. After the Social Security Administration ("SSA") denied his claim, plaintiff appealed. Following an administrative hearing, an Administrative Law Judge ("ALJ") determined that he was not disabled, a decision which became final on August 10, 2015, when the Social Security Appeals Council denied plaintiff's request for review. Plaintiff then retained Mr. Bowes as counsel on September 23, 2015. He signed a contingent fee agreement in which he agreed to pay attorney's fees equivalent to twenty-five percent of the past due benefits payable to him as legal fees upon securing a favorable determination. Represented by Mr. Bowes, plaintiff timely commenced a federal action on October 5, 2015 in which both parties subsequently moved for judgment on the pleadings. On February 6, 2017, I vacated the final administrative decision and remanded the case for additional administrative proceedings. *Leonard v. Colvin*, 15-CV-5757 (NG), 2017 WL 496072 (E.D.N.Y. Feb. 6, 2017). EAJA fees were awarded in the amount of $6,500.

Upon remand, plaintiff testified at a second administrative hearing before another ALJ on August 6, 2018, represented by Mr. Bowes. On August 15, 2018, plaintiff received an unfavorable decision. The Appeals Council vacated that ALJ's decision and remanded the case for additional proceedings. Plaintiff then appeared for a third administrative hearing on February 11, 2020, represented by Mr. Bowes. Again, the ALJ denied plaintiff's claim in a decision that became final when the Appeals Council declined to assume jurisdiction over the case. Plaintiff entered into a second contingent fee agreement with Mr. Bowes on June 18, 2020, in which he agreed to pay

attorney's fees equivalent to twenty-five percent of the past due benefits payable to him as legal fees upon securing a favorable determination.

Represented by Mr. Bowes, plaintiff timely commenced the instant action on June 25, 2020. After he and the Commissioner each moved for judgment on the pleadings, on March 28, 2022, I granted plaintiff's motion pursuant to "sentence four" of 42 U.S.C. § 405(g), reversing the denial of disability insurance benefits and remanding the case to the Commissioner for the calculation of benefits only. The Clerk of Court entered judgment on March 29, 2022. EAJA fees were again awarded, this time in the amount of $6,125.

On August 17, 2022, the SSA issued a Notice of Award. It awarded past-due benefits payable to plaintiff in the amount of $274,557 for March 2012 through February 2022 and stated that 25%, or $68,639.25, would be withheld for attorney's fees. Mr. Bowes received a copy of the Notice of Award on August 19, 2022. Thirteen days after receiving a copy of the Notice of Award—on September 1, 2022—he filed this Motion. The Commissioner responded on September 7, 2022, requesting that the court determine the timeliness and reasonableness of the Motion. In an email to the court on September 12, 2022, plaintiff stated that he supports the Motion.

**II.  Analysis**

Section 406(b) of the Social Security Act permits district courts to authorize reasonable attorney's fees up to 25% of the claimant's past-due benefits where a claimant is successful in federal court. Specifically, 42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social

>Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In *Gisbrecht v. Barnhart*, the Supreme Court explained that, even when a contingency agreement complies with the statutory limit and caps the fee at 25% of the plaintiff's benefits award, "§ 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. 789, 807 (2002). Under *Gisbrecht*, an attorney for a successful social security benefits claimant must show that the fee sought is reasonable for the services rendered. *Id.*

Here, Mr. Bowes' Motion is both timely and reasonable.

    a.  <u>Timeliness</u>

The timeliness of § 406(b) motions is governed by Federal Rule of Civil Procedure 54(d)(2)(B), *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019), which requires that, unless a statute or a court order provides otherwise, a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). In *Sinkler*, the Second Circuit held that this fourteen-day limitations period does not begin to run when a district court enters a "sentence four" remand judgment, but is tolled. *Sinkler*, 932 F.3d at 88.

Here, the Notice of Award is dated August 17, 2022. Mr. Bowes affirmed that he received the Notice on August 19, 2022, and that he then filed this motion thirteen days later, on September 1, 2022. Because the fourteen-day limitations period is applied "[o]nce counsel receives notice of the benefits award[,]" the thirteen days between Mr. Bowes' receipt of the Notice and the filing of this motion is within the permissible time period. *Id.*; *see also Ricciardi v. Cmm'r of Soc. Sec.*, No. 19-CV-3304 (MKB), 2022 WL 1597401, at *2 (E.D.N.Y. May 19, 2022) (although the SSA

4

issued the Notice of Award on January 30, 2022, "[b]ecause Counsel received the Notice on February 5, and filed the motion for attorneys' fees on February 17, 2022, Counsel timely filed the motion within the fourteen-day window.").

Therefore, the Motion is timely filed.[2]

    b. Reasonableness

In § 406(b)(1)(A), Congress capped contingency fees at 25% of the past-due benefits and charged courts with ensuring that resulting fees are "reasonable." *See Gisbrecht*, 535 U.S. at 807; *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). Courts in the Second Circuit are instructed to consider, as part of conducting a reasonableness analysis, 1) "the character of the representation and the result the representative achieved;" 2) "whether a claimant's counsel is responsible for undue delay;" and 3) "whether there was fraud or overreaching in the making of the contingency agreement." *Fields*, 24 F.4th at 849 (citing *Gisbrecht*, 535 U.S. at 808 and *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)). Further, "as a part of the reasonableness determination, a district court must also consider whether a requested fee would result in a 'windfall' to counsel." *Id.* (citing *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372).

The "windfall" factor cannot be treated "as simply the lodestar method by another name[.]" *Id.* at 854. Rather, the Second Circuit in *Fields* underscored the "role of contingency fees" in achieving the twin goals in Social Security cases of "getting parties who are disabled what they are owed while encouraging truly good lawyers to take on their cases." *Id.* at 849. While a

---

[2] Moreover, the filing date of this motion is just fifteen days after the issuance of the August 17, 2022 Notice of Award. The law "presum[es] that a party receives communications three days after mailing." *Sinkler*, 932 F.3d at 89, n.5 (citing *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011)). Therefore, the fifteen days between the Notice and the filing of this Motion is, independently, within the permissible time period when accounting for three mailing days. Based on this analysis, the Commissioner herself observes that the "motion appears timely filed." Commissioner Response Letter, Dkt. 32, at p. 2.

"contingency fee charged in any given winning case is likely to be high in relation to the hours actually spent on the case by the lawyer," "without contingency fees, people in need of good lawyers would often not be able to hire them." *Id.*

In *Fields*, the Second Circuit set out four factors to assess whether a fee request is a "windfall:" 1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do;" 2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level;" 3) "the satisfaction of the disabled claimant;" and 4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55. Applying these factors, *Fields* reversed the district court's order and approved a de facto hourly rate of $1,556.98. *Id.* at 856.

Mr. Bowes' contingent fee agreements with plaintiff in this matter provided for 25% of the past-due benefits for services rendered in a federal district court. The fee request of $68,639.25 does not exceed that percentage.

I, therefore, turn to the reasonableness of the fee request. Here, Counsel is an experienced social security attorney. He represents that he has more than twenty-five years of experience litigating Social Security cases, which includes representing claimants in more than 1,000 civil actions in federal district court challenging the final determination of the Commissioner of Social Security, as well as representing more than 2,000 claimants at administrative hearings before the Social Security Administration. He obtained significant, six-figure relief for plaintiff, including $274,557.00 in past-due disability insurance benefits as well as continuing benefits. Moreover, there is no evidence of any fraud or overreaching in the making of the contingent fee agreement and counsel is not responsible for any undue delay.

Likewise, each of the four *Fields* factors for considering whether a requested fee amount results in a "windfall" weighs in favor of granting the fee request. First, as discussed in greater detail above, Mr. Bowes has more than twenty-five years of specialized experience in social security cases. Second, with respect to the nature and length of his professional relationship with the claimant, Mr. Bowes has represented plaintiff since September 2015, and almost seven years elapsed between plaintiff's retention of Mr. Bowes and the present motion. Mr. Bowes expended 37.5 hours in the 2015 action and 29.1 hours in the 2020 action, for a total of 66.6 hours spent in efforts to reverse the denial of plaintiff's disability benefits. While Mr. Bowes did not represent plaintiff at the administrative level prior to the 2015 action, he did so subsequently, and thus his representation included two administrative hearings and appeals. In litigating the 2015 action, Mr. Bowes' efforts included reviewing a 203-page administrative record and additional records from plaintiff, drafting a 23-page memorandum of law and 6-page reply memorandum of law, and representing plaintiff at oral argument. As part of the 2020 action, Mr. Bowes reviewed a 653-page administrative record and drafted a 25-page memorandum of law as well as an 11-page reply memorandum of law.

Third, as noted above, because of Mr. Bowes' work, plaintiff was awarded substantial benefits including $274,557.00 in past-due disability insurance benefits as well as continuing benefits. Fourth and finally, most of these hours were expended without any certainty as to a final award of benefits.[3] As in *Fields*, this case "went back up to the district court several times and, until the end, it was not clear how it would come out. The success of the claim was far from a sure

---

[3] Based on the time records that Mr. Bowes submitted, the only exception is for 2.4 hours (out of the total 66.6 hours) spent in the 2020 action following my order remanding the case for a calculation of benefits only. Those 2.4 hours include .7 hours in which Mr. Bowes reviewed my order and spoke with plaintiff, and 1.7 hours in which he drafted the EAJA fees motion.

7

thing, as evidenced by the fact that it was denied multiple times at the agency level." 24 F.4th at 856. Plaintiff also does not object to counsel's fee request, having expressed to the court his satisfaction with the contingency fee.

Thus, considering the relevant factors, Mr. Bowes' fee request is reasonable.

### c. Previous EAJA Award

Mr. Bowes notes that plaintiff "is entitled to a credit of the $12,625" in EAJA fees he received, and he requests that "the Court order a net payment of $56,014.240 (i.e., $68,639.25 - $12,625 = $56,014.25) as 406(b) attorney fees." Declaration of Christopher James Bowes dated September 1, 2022, Dkt. 30, at p. 10; Memorandum of Law, Dkt. 31, at p. 7. The Commissioner counters that a net award cannot be granted and, instead, the court must award the full Section 406(b) fee and direct counsel to refund the EAJA fees to plaintiff himself. She argues that "[b]y asking this Court to grant a 'net' award of fees, counsel is impermissibly shifting the task of refunding the lesser fee from himself to this Court and the Agency (who must actually implement the 'net' award)." Commissioner Response, Dkt. 32, at p. 3.

The Commissioner is correct. "When fees are awarded to a claimant's counsel under both the EAJA and 42 U.S.C. § 406(b), the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Walsh v. Commissioner of Social Security,* No. 17-CV-5465 (WFK), 2022 WL 4079588, at *3 (E.D.N.Y. Sept. 6, 2022) (denying Mr. Bowes' request to award of a "net" payment of 406(b) fees minus the previously awarded EAJA fees) (quoting *Gisbrecht*, 535 U.S. at 797 (citing Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186)). "Although some out-of-circuit opinions have approved [offsets of the EAJA fee against the 42 U.S.C. § 406(b) award] . . . courts in this Circuit have uniformly denied similar requests to offset section 406(b) fees so as to avoid the reporting of income to the claimant." *Reyes v. Berryhill*, No. 17-CV-7214 (RLM),

2021 WL 1124752, at *4 (E.D.N.Y. Mar. 24, 2021) (collecting cases) (denying counsel's request to offset the amount of EAJA fees paid against the amount awarded pursuant to section 406(b))). As in *Reyes*, here, Counsel "offers no authority to justify a departure from the plain language of the Savings Provision, which requires a 'refund,' or from the Supreme Court's directive that 'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Id.* (quoting *Gisbrecht*, 535 U.S. at 796).

Thus, "upon receipt of the fee award under section 406(b), [Mr. Bowes] must return to plaintiff the amount of the EAJA fee[s] previously received." *Id.*

### III. Conclusion

For the reasons set forth above, IT HEREBY IS ORDERED, that the Motion is GRANTED, in the amount of $68,639.25, pursuant to 42 U.S.C. § 406(b)(1)(A). FURTHER, Mr. Bowes is directed to refund to plaintiff the $12,625 in EAJA awards within fourteen days after receiving his § 406(b)(1)(A) award.

SO ORDERED.

    /s/
**NINA GERSHON**
**United States District Judge**

December 9, 2022
Brooklyn, New York

9